**07 CIV 9844**

**JUDGE SULLIVAN**

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff Sinoriches Global Limited
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:   (646) 329-0120
Facsimile:    (646) 328-0121
William R. Bennett, III  (WB 1383)
wbennett@bgmplaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SINORICHES GLOBAL LIMITED,                    07-CIV-

                                Plaintiff,

        - against -

KIN KI INTERNATIONAL INDUSTRIAL LTD.,         **VERIFIED COMPLAINT**
WINLAND SHIPPING CO., LTD. (HK), and
WINLAND GROUP,

                                Defendants.
-----------------------------------------------------------X

Plaintiff, SINORICHES GLOBAL LIMITED, by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendants KIN KI INTERNATIONAL INDUSTRIAL LTD., WINLAND SHIPPING CO., LTD. (HK), and WINLAND GROUP herein, alleges upon information and belief as follows:

1.      This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      At all times hereinafter mentioned, Plaintiff, SINORICHES GLOBAL LIMITED (hereinafter "SGL"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business outside the United States.

3. At all times hereinafter mentioned, defendant KIN KI INTERNATIONAL INDUSTRIAL LTD. (KIN KI), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Hong Kong, China.

4. At all times hereinafter mentioned, defendant WINLAND SHIPPING CO. LTD., (HK), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Hong Kong, China.

5. At all times hereinafter mentioned, defendant WINLAND GROUP, was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Hong Kong, China.

6. On or before 11 June 2007, SGL and KIN KI INTERNATIONAL INDUSTIRAL LTD. entered into a maritime contract, commonly referred to as a fixture note, for the employment of a Vessel to be nominated at a later date. A copy of the Fixture Note is attached hereto as Exhibit 1.

7. KIN KI confirmed the business was fixed on June 11, 2007 and that it required a vessel to carry 18,000 metric tons of "steel product".

8. The freight rate for the use of the Vessel was $79 per metric ton.

9. Under the terms and conditions of the charterparty STEELCO was responsible for freight, demurrage and other costs.

10. On June 18, 2007, KIN KI advised Sinoriches that it was going to breach the charter party.

11. Winland Shipping Co., Ltd. (Hong Kong) was at all relevant times herein a guarantor of KIN KI and was responsible for paying the freight due to Sinoriches should KIN KI not pay said freight.

12. Winland Group was at all relevant times herein a guarantor of KIN KI and was responsible for paying the freight due to Sinoriches should KIN KI not pay said freight.

13. On June 25, 2007, defendant breached the charter party and refused to perform. As a result of defendant's breach, Sinoriches has incurred damages totaling $1,422,000.

## LONDON ARBITRATION

14. Pursuant to the terms and conditions of the Fixture Note, all disputes between the parties herein are subject to arbitration in Hong Kong.

15. This action is expressly filed without prejudice to that right.

## REQUESTED RELIEF

16. Sinoriches seeks issuance of process of maritime attachment so that it may obtain security up to the amount of $1,422,000.00 for its claims under the maritime contract.

17. None of the defendant can be found within this district, but are believed to have assets within this district consisting of cash, funds, freight, hire, credits in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank and other New York City banks and financial institutions.

**WHEREFORE,** plaintiff prays:

1. That judgment in the sum of $1,422,000.00 be entered in favor of SINORICHES GLOBAL LIMITED and against the defendant, together with interests and costs from the date of the defendants' breach of contract;

2. That process of maritime attachment and garnishment be issued and levied against cash, funds, and credits of defendants, in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank or any other bank located in New York, New York, in the sum of $1,422,000.00, and that process in due form of law according to the practice of this Honorable Court in cases of Admiralty and Maritime jurisdiction may issue against the defendants, citing them to appear and answer under oath all and singular the matters aforesaid.

3. That pursuant to Rule B of the Special Admiralty Rules of the Federal Rules of Civil Procedure the assets of defendants be seized; and,

4. That the plaintiff be granted such other, further, and different relief as in law and justice it may be entitled to receive.

Dated: November 5, 2007
New York, New York

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Sinoriches Global Limited

_____
William R. Bennett, III
494 Eighth Avenue, 7th Floor
New York, New York 10122
Telephone:   (646) 328-0120

## **VERIFICATION**

William R. Bennett, III, under the penalty of perjury states:

1. That he is a member of the firm of Bennett, Giuliano McDonnell & Perrone LLP, attorneys for the plaintiff herein; that he has read the foregoing Verified Complaint and knows the content thereof and that the same is true to the best of his knowledge, information and belief.

2. That the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation and no officers or directors are within the district.

3. The sources of deponent's information and the grounds for his belief are statements made by and documents received from representatives of said corporation.

_____
William R. Bennett, III (WB 1383)